IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DANIEL TAYLOR,                    )
     Plaintiff,                   )          Civil Action No. 7:22cv00635
                        )
v.                                )
                        )          By: Elizabeth K. Dillon
BRENDA RAVIZEE, *et al.*,          )             United States District Judge
     Defendants.                  )

## MEMORANDUM OPINION

Plaintiff Daniel Taylor, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Taylor has not paid the filing fee, but he has filed a statement of assets in support of an application to proceed *in forma pauperis*. (Dkt. No. 2.) Based on court records, it is clear that at least three of Taylor's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Taylor may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege facts sufficient to show imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court must dismiss the complaint in its entirety.

Taylor's complaint focuses on several incidents. First, he alleges that two security staff (defendants McMurray and Ziebko) acted in concert to deprive him of food and bedding (by not

---

[1] The cases are: *Taylor v. Ely*, Civil Action No. 7:20-cv-00446, (W.D. Va. Sept. 30, 2020) (dismissing under 28 U.S.C. § 1915A(b)(1)), *aff'd*, Case No. 20-7817 (4th Cir. May 27, 2021); *Taylor v. Fleming*, Civil Action No. 7:17-cv-00099 (W.D. Va. Nov. 13, 2020) (dismissing for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)), *aff'd*, Case No. 20-7816 (4th Cir. July 1, 2021); *Taylor v. Manis*, Civil Action No. 7:20-cv-00121 (W.D. Va. Feb. 11, 2021) (dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)), *aff'd*, Case No. 21-6418 (4th Cir. Sept. 28, 2022).

returning his laundry) on the same date—December 19, 2021—and on a subsequent date, he was deprived of a mattress by one of the same officers. (Compl. 7, 8, 10, Dkt. No. 1.) He claims that, for about a one-week period, he had to endure very cold temperatures during the day and night without a blanket or sheet. (*Id.* at 13.) He believes that these officers took these actions to inflict pain and to retaliate against him, after Taylor filed a grievance against them for failing to collect his trash. (*Id.* at 14.) He claims that as a result of sleeping in the cold, he got sick and had symptoms such as a "head cold," sore throat, runny nose, and muscle aches from sleeping in an awkward position. (*Id.* at 21.)

Taylor's complaint also describes another incident that occurred on October 31, 2021. On that date, he signed up for outside recreation. He did not have a coat, however, and asked defendants Moore and Bledsoe if they had coats for outside recreation, but they told him no. (*Id.* at 15.) Because the temperature was below forty degrees, Taylor wanted to go back to his cell, but those defendants would not permit him to do so. (*Id.* at 16, 18.) Instead, they used "excessive force to basically drag him outside against his will." (*Id.* at 16.) He also suffered emotional distress because of what he calls "verbal abuse" by defendants Day and Roberts while he was outside, who ridiculed him and taunted him for crying. (*Id.* at 16.) Taylor got sick as a result of the incident and had a high fever. Another time he was sent outside without a mask even though Covid was spiking. (*Id.* at 22.) He also alleges—without providing any details— that his sick call forms were not responded to promptly. (*Id.* at 23.)

Taylor's other allegations include that defendant Brenda Ravizee failed to process his grievances about being denied food and bedding, instead returning them with a notice saying that they were a request for services. This resulted in the officers not being investigated. He further

asserts that Ravizee has previously caused him the loss of money and property and that "it has created a risk to [his] health and wellbeing." (*Id.* at 8.)

In short, then, Taylor refers to several discrete incidents, all of which took place about a year ago, in which he was deprived of a few meals, deprived of a sheet and blankets for a week, denied a mattress on one day, forced to go to outside recreation without a coat, and denied immediate treatment for a fever or cold-like symptoms. He also complains about defendant Ravizee not processing grievances properly.

Although Taylor claims that these allegations show "imminent danger," (*id.* at 23), the court disagrees. As an initial matter, the types of injuries of which Taylor is complaining do not constitute "serious physical injur[ies]." The Fourth Circuit recently described such injuries as ones that have "potentially dangerous consequences such as death or *severe bodily harm*." *Hall v. United States*, 44 F.4th 218, 227 (4th Cir. 2022) (citation omitted) (emphasis in original).

But even if Taylor's alleged injuries constituted serious physical injuries for purposes of § 1915(g), he has not alleged that these incidents are ongoing or that they currently pose any current danger to him. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). As the *Hall* court explained, "past allegations of danger or threats of harm *on their own* are insufficient to satisfy the exception." 44 F.4th at 224 (emphasis in original).

Put differently, "the imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020);

3

*see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").  Taylor's allegations do not allege any imminent danger.

CONCLUSION

Because Taylor has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: December 6, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge